**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FLATIRON CRANE OPERATING COMPANY, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:23-cv-02396-JMG |
| | : | |
| JOHN ADKINS, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                 **July 17, 2023**

## I.  <u>OVERVIEW</u>

Before the Court is Plaintiff's Motion for Expedited Discovery (ECF No. 3), filed on Friday, June 22, 2023, the same day Plaintiff filed its Complaint (ECF No. 1). Because the Motion seeks to start discovery as far in advance as possible, as it was filed contemporaneously with the Complaint, is filed without a pending preliminary injunction hearing or motion, is broad in scope, and expedited discovery would be burdensome on the Defendant, the Court denies Plaintiff's Motion (ECF No. 3).

## II.  <u>BACKGROUND</u>

### a.  The Complaint

Plaintiff, Flatiron Crane Operating Company, LLC ("Plaintiff" or "Flatiron") initiated the instant action by filing a complaint on June 22, 2023 ("Complaint"). *See* Plaintiff's Complaint [ECF No. 1]. Plaintiff's Complaint brings six (6) counts against its former employee, Defendant John Adkins ("Defendant" or "Adkins") for Breach of Contract, Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act (18 U.S.C. § 1831, *et. seq*.), Breach of Fiduciary Duty, Misappropriation of Trade Secrets in Violation of the Pennsylvania Uniform Trade Secrets

Act (12 Pa. C.S.A. §§ 5301-5308), Unfair Competition, and Unjust Enrichment. *See* Compl. at ¶¶ 2, 40-66.

Flatiron is a limited liability company that provides "engineering and product solutions for the crane industry" such as "custom engineering solutions, crane services and repairs, crane upgrades and modernizations, new crane equipment, replacement parts, inspections, and operator training." *Id.* at ¶ 5. Flatiron "has locations across the United States, including, without limitation, Arizona, Illinois, Wisconsin, Pennsylvania and Texas." *Id.* at ¶ 6. According to the Complaint, Adkins was employed by Flatiron as a Regional Manager, where he gained access to Flatiron's merger and acquisition strategy and plans. *Id.* at ¶¶ 10-12. Flatiron alleges Adkins is bound by a non-competition agreement ("Agreement") that prohibits Adkins from soliciting Plaintiff's employees or customers (within a certain radius of Plaintiff's location) for two years following the termination of his employment with Plaintiff for any reason. *Id.* at ¶¶ 16-17.

Around February 2023, Flatiron began to suspect Adkins was considering leaving the company, and, before paying Adkins his annual discretionary bonus, sought and obtained assurances from Adkins that he was not planning on leaving Flatiron. *Id.* at ¶¶ 23-24. On March 17, 2023, Flatiron paid Adkins his annual discretionary bonus of $52,500. *Id.* at ¶ 24. According to the Complaint, on March 26, 2023, Adkins submitted a written notice of resignation to Flatiron effective immediately. *Id.* at ¶ 25.

Thereafter, the Complaint alleges Adkins immediately began work for Cranetech, "a direct competitor located in many of the same states and markets where Flatiron operates." *Id.* at ¶ 26. In fact, the Complaint alleges Adkins "actually began" working for Cranetech *before* resigning from Flatiron. *Id.* at ¶ 28. Thereafter, while working for Cranetech, the Complaint alleges Adkins

violated his Agreement with Flatiron by:

- Contacting a Flatiron employee to seek confidential information about Flatiron's overall business condition and customer contacts in Arizona. *Id.* at ¶ 31.

- On May 11, 2023, attending a pre-bid Request for Proposal ("RFP") onsite meeting at Constellation Energy Corporation ("Constellation"), a Flatiron customer, and approaching Flatiron employees who also attended to ask "about the health and wellness of Flatiron's business operations and mak[e] specific inquiries" about confidential information, such as "a large Flatiron project for the Tennessee Valley Authority," that Adkins would not have known about but for his previous employment with Flatiron. *Id.* at ¶ 32. Flatiron alleges that a week prior, on May 3, 2023, Cranetech's CEO attended a contract renewal meeting with Flatiron and Constellation "despite Cranetech having no prior relationship with Constellation." *Id.* at ¶ 33.

- Soliciting proposals for work to Freeport McMoran, Flatiron's largest customer in Arizona, "without Freeport McMoran requesting any such proposals from Adkins or Cranetech." *Id.* at ¶ 36.

In addition to these customer and employee solicitations, the Complaint alleges Adkins created an unauthorized private Dropbox account on his Flatiron work laptop, and deleted roughly 80,000 files from the laptop prior to his departure. *Id.* at ¶¶ 37-39. Although Flatiron has recovered the files, the Complaint alleges "Flatiron must devote resources to review each of these recovered files" and "Flatiron has no way to establish if it recovered in a readable format all of the files deleted by Adkins." *Id.* at ¶ 39.

Flatiron alleges Adkins misappropriated the trade secrets he learned while a Flatiron employee

"by utilizing that information to solicit Flatiron's clients and compete with Flatiron, which Adkins continues to do to the present day." *Id.* at ¶ 47. The Complaint alleges Flatiron is entitled to monetary damages, as well as injunctive relief enjoining Adkins from continuing to breach the Agreement and requiring Adkins to "refrain from using or disclosing Flatiron's trade secrets." *Id.* at ¶ 68.

### b. Flatiron's Motion to Expedite Discovery

On Friday, June 22, 2023, the same day Flatiron filed the Complaint, Flatiron filed a Motion for Expedited Discovery (ECF No. 3), seeking to require responses to written discovery requests within fifteen (15) days of service, and the completion of all depositions within sixty (60) days. *See* Motion for Expedited Discovery at pg. 1 of 3 [ECF No. 3]. The scope of discovery sought concerns whether Adkins misappropriated or retained any Flatiron documents or information, including trade secrets and other confidential information, the extent of Adkins use and/or dissemination of that information, the entire scope of Adkins' employment at Cranetech, and any and all solicitations of Flatiron's employees and customers by Adkins. *Id.* Flatiron files the instant Motion (ECF No. 3) "in anticipation of an application for preliminary injunctive relief." *See* Memorandum in Support of Motion at pg. 1 of 14 [ECF No. 3-1].  Flatiron contends expedited discovery is appropriate "because the normal discovery timetable will allow Adkins to continue breaching his contractual confidentiality and noncompetition obligations and potentially allow him to remain in possession of, have access to, and continue to misuse Flatiron's trade secrets and other confidential and proprietary information." *Id.* at pg. 3 of 14.

Adkins filed a response in opposition on July 7, 2023. [ECF No. 15]. Adkins argues Flatiron's motion should be denied because Flatiron has not moved for a preliminary injunction, there is no "urgent event," and the discovery sought overly broad and burdensome, and is essentially "a

fishing expedition to attempt to gain access to Adkins' information outside of the normal course of discovery." *See* Memorandum of Law in Support of Response in Opposition to Motion at pg. 5 of 17 [ECF No. 15-1]. The Court held a telephonic status conference with the parties concerning the instant Motion on July 10, 2023. Flatiron filed a Reply In Support of Motion for Expedited Discovery on July 13, 2023. [ECF No. 17]. The Motion (ECF No. 3) is now ripe for ruling.

## III.   <u>LEGAL STANDARD</u>

The "prevailing approach" in the Third Circuit is to apply the "good cause" or "reasonableness standard" when deciding a motion to expedite discovery.[1] *Bath Auth., LLC v. Anzzi LLC*, No. 18-00834, 2018 U.S. Dist. LEXIS 179754 at *22 (E.D. Pa. Oct. 19, 2018). Under this standard, "the party seeking expedited discovery must demonstrate that its 'request is reasonable in light of the relevant circumstances.'" *Spark Orthodontics v. Ormco Corp.*, No. 21-2841, 2021 U.S. Dist. LEXIS 256446 at *2 (E.D. Pa. Oct. 25, 2021) (quoting *Bath*, 2018 U.S. Dist. LEXIS 179754 at *23); *see also BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004) ("reasonableness" standard used to evaluation motion to expedite discovery where purpose of motion "is to gather evidence for an upcoming preliminary injunction hearing."). In evaluating a motion for expedited discovery under this standard, courts consider the following non-exhaustive factors: "(1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Kone Corp v. Tyssenkrupp USA, Inc.*, No. 11-465,

---

[1] The Court declines to apply a preliminary injunction analysis to Plaintiff's Motion (ECF No. 3). *See Kone Corp v. Tyssenkrupp USA, Inc.*, No. 11-465, 2011 U.S. Dist. LEXIS 109518 at *11 (D. Del. Sept. 26, 2011) ("when 'a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety' of the request") (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).

2011 U.S. Dist. LEXIS 109518 at *11 (D. Del. Sept. 26, 2011).

Expedited discovery "is highly disfavored." *Socal Dab Tools, LLC v. Venture Techs., LLC*, No. 2:22-cv-128, 2022 U.S. Dist. LEXIS 242686 at *3 (M.D. Ala. Apr. 25, 2022). "The party seeking expedited discovery carries the burden of showing that the request is reasonable under the circumstances." *Barbieri v. Wells Fargo & Co.*, No. 09-3196, 2012 U.S. Dist. LEXIS 105969 at *10 (E.D. Pa. July 27, 2012). "Assuming the moving party has met its burden to show there is good cause, a motion for expedited discovery should generally be granted when the requested discovery is 'narrowly tailored to fit the needs of the preliminary injunction hearing.'" *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. 1:21-cv-00658, 2021 U.S. Dist. LEXIS 83848 at *6 (M.D. Pa. May 3, 2021) (quoting *Better Packages, Inc. v. Zheng*, No. 05-447, 2006 U.S. Dist. LEXIS 30119 at *9 (D. N.J. May 17, 2006)). "Conversely, the motion should be denied if 'the requests are overly broad and extend beyond the needs of the preliminary injunction.'" *Id.* (quoting *Better Packages*, 2006 U.S. Dist. LEXIS 30119 at *9)

## IV.   ANALYSIS

Here, good cause does not exist to grant Flatiron's Motion for Expedited Discovery (ECF No. 3). All factors weigh against expedited discovery. First, with respect to timing, if a motion is made too far in advance of the start of formal discovery, this consideration weighs against granting expedited discovery. *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 U.S. Dist. LEXIS 19832 at *14 (E.D. Pa. Oct. 2, 2003). Here, the Motion was filed the very same day as the Complaint. *See Herley Indus. v. R Cubed Eng'g, LLC*, No. 5:20-cv-02888, 2020 U.S. Dist. LEXIS 206880 at *22 (E.D. Pa. Nov. 5, 2020) (holding timing factor weighs against expedited discovery where "the motion for expedited discovery was filed only one day after the Complaint."); *Robson Forensic, Inc. v. Shinsky*, No. 5:22-cv-1039, 2022 U.S. Dist. LEXIS 73661

at \*28 (E.D. Pa. Apr. 22, 2022) ("All of the factors that this Court is to consider weigh against expedited discovery. Here, the motion for expedited discovery was filed the same day as the Complaint."). Moreover, the sense of urgency Flatiron requests the Court impart upon Adkins does not align with the sense of urgency indicated by Flatiron's own conduct. According to the Complaint, Flatiron became aware that Adkins created an unauthorized private dropbox account on March 30, 2023 and that Adkins was soliciting customers and employees in mid-May. *See* Compl. at ¶¶ 31-39. Yet, Flatiron waited until June 22 to bring the instant action and seek expedited discovery. *See Vita-Pure, Inc. v. Bhatia*, No. 2:14-7831, 2105 U.S. Dist. LEXIS 42655 at \*10 (D. N.J. Apr. 1, 2015) ("A several month delay in bringing a preliminary injunction motion can undermine an asserted claim of imminent, irreparable harm.").

Courts also consider whether a preliminary injunction hearing has been scheduled. *Kone*, 2011 U.S. Dist. LEXIS 109518 at \*11. Here, there is no preliminary injunction pending. This, too, weighs against granting expedited discovery. *See Better Packages,* 2006 U.S. Dist. LEXIS 30119 at \*15 (D. N.J. May 17, 2006) (denying request for expedited discovery where "there is no pending preliminary injunction hearing for which the parties need to prepare that would make expedited discovery necessary."); *Entm't Tech.*, 2003 U.S. Dist. LEXIS 19832 at \*16 ("there is no pending preliminary injunction hearing for which the parties need to prepare, rendering the need to expedite discovery less urgent."); *Acosta v. Williamson Cty.*, No. 1-21-cv-615, 2021 U.S. Dist. LEXIS 18171 at \*8 (W.D. Tex. Sept. 23, 2021) ("Plaintiff has failed to present any other compelling reason for the expedited discovery request, such as a pending motion for a preliminary injunction."). The Court agrees, however, with Plaintiff that the existence of a pending preliminary injunction hearing is not outcome determinative. *See* Plaintiff's Reply at pg. 3 [ECF No. 17]. Accordingly, the Court considers the additional factors.

Second, Flatiron's discovery requests are overbroad. *See Chubb INA Holdings, Inc. v. Chang*, No. 16-2354, 2016 U.S. Dist. LEXIS 82225 at *12 (D. N.J. June 24, 2016) ("Where the requests are overly broad and extend beyond the needs of the preliminary injunction, leave should be denied."); *Philadelphia Newspapers v. Gannett Satellite Info. Network*, No. 98-CV-2782, 1998 U.S. Dist. LEXIS 10511 at *6 (E.D. Pa. July 15, 1998) ("courts generally deny motions for expedited discovery where the movant's discovery requests are overly broad."). "The purpose of expedited discovery is to allow a party obtain ***specific, limited, and identifiable pieces of information***, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information." *Let Them Play Mn v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021) (emphasis added).

Here, Flatiron's requests are not specific nor are they limited. Flatiron seeks identification of "each and every" former Flatiron employee with which Adkins has spoken, including "each and every topic" discussed, presumably even topics completely unrelated to Plaintiff's business, along with a description of "each and every job duty and responsibility" Adkins has at his current job with Cranetech. *See* Ex. B to Motion, pgs. 12-14 of 14 [ECF No. 3-1]. Flatiron also seeks an order requiring the parties to complete all depositions within sixty (60) days, yet Flatiron provides no indication or limit as to the number or scope of depositions to be taken. Flatiron's discovery requests are not specific, rather they encompass all of the Complaint's allegations: Flatiron seeks expedited discovery of all Flatiron documents or files in Adkins' possession, all communications regarding Adkins' potential employment with Cranetech, all communications between Adkins and Flatiron customers following his resignation, and all communications between Adkins and Flatiron employees following his resignation. *Id.* at pgs. 8-9 of 14. It is difficult to imagine what, if any, broad topics of discovery Flatiron held back from its expedited requests. Where the "scope of the

requested discovery…would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction," the purpose of limited expedited discovery is frustrated. *Better Packages, Inc. v. Zheng*, No. 05-447, 2006 U.S. Dist. LEXIS 30119 at \*15 (D. N.J. May 17, 2006). Moreover, Flatiron does not demonstrate there is a high risk of spoliation of evidence, indeed, Flatiron's Complaint avers it was able to recover the 80,000 files Adkins allegedly deleted from his company-issued laptop. Compl. at ¶ 39.

Lastly, the burden of expedited discovery to Adkins is considerable. As stated *supra*, the discovery requests imposed are broad, and Flatiron seeks an order requiring responses in just fifteen (15) days. *See* Proposed Order on Expedited Discovery [ECF No. 3-2]. *See also Robson Forensic,* 2022 U.S. Dist. LEXIS 73661 (noting request for expedited discovery responses "to be due within just twelve days of service of the requests" was burdensome).

## V.    **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion For Expedited Discovery (ECF No. 3) is denied. An appropriate order follows.


BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge